## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  )<br>)<br>)<br>     **v.**                                              )<br>                                                             )   **Criminal Action No. 2011-18**<br>                                                             )<br>**YAHMILLIA JOHN**,                            )<br>                                                             )<br>          **Defendant.**                          )<br>_____ ) | |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.,**
St. Croix, U.S.V.I.
   *For the United States*

**Gabriel J. Villegas, Esq.,**
St. Thomas, U.S.V.I.
   *For the Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER is before the Court on Defendant's Appeal of Magistrate Judge Decision, filed on August 29, 2011 (Dkt. Nos. 15 and 19), in which Defendant challenges the Magistrate Judge's sole reliance on the affidavit of a Government agent in making his probable cause finding. On September 30, 2011, the Government filed its Response to Defendant's Objection (Dkt. No. 24) and on October 18, 2011, Defendant filed a Reply to the Government's Response (Dkt. No. 34). For the reasons that follow, the appeal is denied as moot.

**I.    BACKGROUND**

On August 15, 2011, a criminal complaint was filed against Defendant alleging possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The criminal complaint was based upon facts asserted in an attached affidavit, in which Special Agent Dennis Carter with the United States Department of Homeland Security, US Immigration & Customs Enforcement, stated that on August 13, 2011, he was contacted by a member of the US Customs and Border Protection Office, who indicated that Defendant was encountered at the Henry E. Rohlsen Airport in St. Croix, Virgin Islands, in possession of cocaine. Special Agent Carter also stated that, at the airport, Defendant was advised of her Miranda rights, which she waived, and subsequently admitted to plans to transport drugs to Baltimore, Maryland.

On August 25, 2011, a preliminary hearing was held before the Magistrate Judge pursuant to Rule 5.1 of the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 5.1. During the preliminary hearing, the Magistrate Judge made a probable cause finding based solely on the affidavit of Special Agent Carter. Defendant appeals the decision of the Magistrate Judge claiming that the Government's practice of proceeding solely by affidavit during the preliminary hearing violated her substantive and procedural due process rights. Specifically, because Special Agent Carter was not available for cross-examination, Defendant claims that the Government's use of an affidavit contravenes the mandate of Rule 5.1(e) of the Federal Rules of Criminal Procedure, which states that "[a]t the preliminary hearing, the defendant may cross-examine adverse witnesses. . . ." *Id*. at 5.1(e).

After Defendant filed her Appeal on August 29, 2011, the Government filed an Information against Defendant on September 9, 2011, charging her with one count of possession with intent to distribute more than 500 grams of cocaine. On October 27, 2011, the Court

Ordered that the parties submit briefs addressing whether the Government's filing of an Information rendered moot Defendant's Appeal and, if so, whether the Court has a legal basis for adjudicating Defendant's Appeal. (Dkt. No. 35). The Government and Defendant filed briefs on November 18, 2011, and responses on December 3 and 5, 2011, respectively. On November 15, 2011, during the period between the Court's Order and the parties' submissions, Defendant was indicted by a grand jury.

## II.  ANALYSIS

The Court concludes that Defendant's Appeal was rendered moot by the filing of the Indictment on November 15, 2011. The mootness doctrine precludes federal courts from issuing advisory opinions by requiring that an actual controversy exists between adverse litigants. *See, e.g., Liner v. Jafco, Inc.,* 375 U.S. 301, 306 n.3 (1964) ("Our lack of jurisdiction to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy."); *Kremens v. Bartley*, 431 U.S. 119, 129 (1977) ("There must be a live case or controversy before this Court."). A justiciable case or controversy requires that a party have a continuing, personal interest in the outcome of the litigation. *See, e.g., Sosna v. Iowa*, 419 U.S. 393, 402 (1975) ("[T]he general principles of Art. III jurisdiction require that the plaintiff's personal stake in the litigation continue throughout the entirety of the litigation . . . [because] the judicial power of Art. III courts extends only to 'cases and controversies' specified in that Article.").

In this case, Defendant's alleged injury of not receiving due process in her probable cause determination was extinguished by the filing of the indictment because she received the process for the probable cause determination through the grand jury, which served the purpose of the preliminary hearing. *See United States v. Conway,* 415 F.2d 158, 160 (3d Cir.1969) (explaining

that in the Third Circuit "it has been held that the purpose of a preliminary hearing is to afford an arrested person a prompt determination as to whether there is probable cause to hold him for grand jury action" (citing *Rivera v. Government of Virgin Islands*, 375 F.2d 988 (3d Cir. 1967)) and reasoning that "this purpose is served, and the hearing rendered unnecessary, by the return of an indictment.").

In addition, when events subsequent to the filing of a case mean that the decision of the Federal court will not have any effect in the matter before it, the case must be dismissed as moot. *See Church of Scientology of California v. United States*, 506 U.S. 9, 11 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatsoever' to a prevailing party, the appeal must be dismissed.'" (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895))). Defendant concedes that it is a "challenge" for the Court to provide relief to Defendant and "that it may not be prudent judicial administration to simply send the case back to the magistrate court." Def. Supp. Br. Dec. 5, 2011, at 4; Nov. 18, 2011, at 4. Defendant suggests instead that the Court should instruct the Magistrate Judge not to proceed solely by affidavit in future preliminary hearings. However, "mootness [is] a doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States Parole Commn. v. Hamilton Bank*, 445 U.S. 388, 397 (1977) (quoting Henry Monaghan, *Constitutional Adjudication: The Who and When*, 82 YALE L. J. 1363, 1384 (1973)).  Accordingly, the Court declines Defendant's invitation to consider this matter in order to potentially issue relief to parties not currently before the Court on the grounds that Defendant no longer possesses the requisite stake in the litigation.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant's Appeal of Magistrate Judge Decision is **DENIED** as moot.

**SO ORDERED.**

Date: January 12, 2012                                   _____/s/_____
                                                         WILMA A. LEWIS
                                                         District Judge